**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

AKPA Chemical US, Inc., Appellant,

v.

Tunc Eren, Respondent.

Appellate Case No. 2024-002032

---

Appeal From Berkeley County
Jennifer B. McCoy, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-388
Submitted June 1, 2026 – Filed July 29, 2026

---

**AFFIRMED**

---

Michael Eugene Patterson, Jr., of Patterson Law Group, LLC, of Charleston, for Appellant.

Tunc Eren, pro se.

---

**PER CURIAM:** AKPA Chemicals US, Inc. (AKPA) filed this lawsuit alleging its former employee, Tunc Eren, breached his employment contract and converted company assets for personal use. Eren denied those allegations and counterclaimed for unpaid wages. During a brief bench trial, each side presented evidence supporting its version of events. The circuit court denied relief to both parties,

concluding neither proved its claims by a preponderance of the evidence. AKPA contends this was error. We respectfully disagree and affirm.

AKPA asks us to accept its version of the disputed facts over Eren's. For the reasons we will give below, whether reviewed under the any-evidence standard governing its legal claims or our de novo review of its equitable claims, we do not believe the record supports AKPA's request. *See J & W Corp. of Greenwood v. Broad Creek Marina of Hilton Head, LLC*, 441 S.C. 642, 667, 896 S.E.2d 328, 342 (Ct. App. 2023) (explaining a legal action tried without a jury will be reviewed "under an any-evidence standard"); *Regions Bank v. Wingard Props., Inc.*, 394 S.C. 241, 248, 715 S.E.2d 348, 352 (Ct. App. 2011) ("We review factual findings and legal conclusions in an equitable action de novo."); *see also Electro-Lab of Aiken, Inc. v. Sharp Constr. of Sumter, Inc.*, 357 S.C. 363, 367, 593 S.E.2d 170, 172 (Ct. App. 2004) ("An action for breach of contract is an action at law."); *Blackwell v. Blackwell*, 289 S.C. 470, 471, 346 S.E.2d 731, 732 (Ct. App. 1986) ("An action for damages for conversion is an action at law."); *Columbia Wholesale Co. v. Scudder May N.V.*, 312 S.C. 259, 261, 440 S.E.2d 129, 130 (1994) (demonstrating unjust enrichment is an equitable claim).

The record presented to the circuit court had diametrically opposed accounts on nearly every material point. The parties disputed key terms of Eren's employment and the legitimacy of records the other side offered as evidence. AKPA introduced documents showing it was a party to Eren's apartment lease and vehicle purchase agreement. Eren claimed those documents had been altered and introduced competing versions of each. Eren introduced files indicating the disputed assets—a car and other items—were intended to be his personal property. AKPA's principal testified (via deposition) he had never seen those documents and disputed that he authorized Eren to execute them on his behalf.

Because both parties presented substantial evidence supporting their respective positions, including plausible claims of forgery, resolving this case in AKPA's favor would necessarily require us to decide which witnesses to believe and which documents are more credible. That is not a determination we can make on this record, especially when the circuit court had the benefit of viewing the witnesses and found the evidence in equipoise. *See Golini v. Bolton*, 326 S.C. 333, 342, 482 S.E.2d 784, 789 (Ct. App. 1997) (emphasizing "questions regarding the credibility and the weight of evidence are exclusively for the trial [court]"). The competing evidence supports the circuit court's determination that neither party carried its burden of proof. Although our review on equitable claims is de novo, we are reluctant to disregard the circuit court's superior position to evaluate and assess

credibility. *See Regions Bank*, 394 S.C. at 248, 715 S.E.2d at 352 ("[T]his de novo review does not require an appellate court to disregard the findings of the trial court or to ignore the fact that the trial court is in the better position to assess the credibility of the witnesses.").

We note that we have not considered Eren's deposition because it was not submitted to the circuit court during the bench trial. As Rule 210(c), SCACR, explains, the record on appeal shall not contain material that was not presented to the circuit court.

For these reasons, the circuit court's order is

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.